```
                  UNITED STATES DISTRICT COURT

                  EASTERN DISTRICT OF LOUISIANA
```

RICHARD H. CLARK, SR., ET AL.                     CIVIL ACTION

v.                                                13-5232

FEMA, ET AL.                                      SECTION "F"


## ORDER AND REASONS

Before the Court is The Federal Emergency Management Agency's motion to dismiss for failure to state a claim or, alternatively, for summary judgment. For the reasons that follow, the motion is GRANTED.

## Background

Richard Clark purchased a Standard Flood Insurance Policy for his home issued directly through FEMA pursuant to the National Flood Insurance Program. The policy provided building and contents coverage for Clark's home in Braithwaite, Louisiana, and was in effect at the time of Hurricane Isaac.

After Hurricane Isaac, Clark notified FEMA of his losses, and FEMA sent an independent adjuster to Clark's home to survey the damage. After completing the inspection, the independent adjuster completed an Interim Closing Report confirming flood damage to Clark's home and estimating losses of $265,587.49, including $165,587.49 in building losses and $100,000 in contents losses. The independent adjuster prepared a proof of loss form in that amount, which Clark signed, swore to, and timely submitted to FEMA

on October 23, 2012.

On November 21, 2012, Clark obtained an estimate from a contractor for the cost of repairs to his home.  The contractor valued the repairs at $428,903.28.  On December 28, 2012, Clark submitted a letter to FEMA making a supplemental claim for losses based on the difference between the repair estimate and the initial payment on his building claim.  Clark never received a response to his letter or any additional payment from FEMA.

In August 2013, Clark filed suit against FEMA for breach of contract and for declaratory relief.[1]  FEMA now seeks to dismiss for failure to state a claim or, alternatively, for summary judgment.

I.

A.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).  In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing

---

[1] Clark also filed suit against his wind insurer, GeoVera Specialty Insurance Company; however, GeoVera is not a party to this motion.

them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment. See United States ex rel. Willard v. Humana

Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003). However, if the Court considers matters outside of the pleadings, it must convert a motion to dismiss into a motion for summary judgment. Burns v. Harris Cnty. Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998).

*B.*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party

must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

The law governing recovery for flood loss under the National Flood Insurance Program is well-settled: the conditions precedent to filing suit to recover for flood damage are strictly enforced. See, e.g., Marseille Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d 1053 (5th Cir. 2008); Wright v. Allstate Ins. Co., 415 F.3d 384, 387-88 (5th Cir. 2005); Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir. 1998); Forman v. FEMA, 138 F.3d 543, 545-46 (5th Cir. 1998).

"A NFIP participant [like the plaintiff] cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements." Richardson v. Am. Bankers. Ins. Co., 279 F. App'x 295, 298 (5th Cir. 2008) (citing 44 C.F.R. pt. 61, app. A(1) art.

VII®).  "In case of a flood loss to insured property, [the insured] must" satisfy several requirements before bringing a lawsuit.  44 C.F.R. pt. 61, app. A(1) art. VII(J).  Foremost, the insured must provide a signed and sworn Proof of Loss within 60 days after the loss, "or within any extension authorized by FEMA."  Forman, 138 F.3d at 545.  The failure to submit a complete, sworn proof of loss with supporting documentation is fatal to a plaintiff's claim for flood damage.  Marseilles, 542 F.3d at 1053.

Between October 23, 2012 and March 19, 2013, the Acting Federal Insurance Administrator issued several written orders extending the proof of loss submission deadline for Hurricane Isaac related claims, resulting in the deadline being extended from 60 days to 240 days.  These extensions meant that plaintiff had until April 28, 2013 to submit his completed proof of loss.

FEMA insists that plaintiff never submitted a complete, sworn proof of loss for his supplemental claim.  Plaintiff counters that his December 28, 2012 letter was a complete proof of loss. Plaintiff notes that the letter was dated, signed, and included supporting documentation.  Although plaintiff concedes that his letter "does not expressly state that it is true and correct," he argues that the Court should construe it as a sworn proof of loss because he was "legally obligated to submit truthful information to FEMA" and "the fact that he signed his statement commits and swears to its veracity."

Plaintiff's arguments are foreclosed by the well-settled law. Federal regulations insist that the failure to timely submit a complete, sworn proof of loss is fatal to a plaintiff's claim for flood damages. See Marseilles, 542 F.3d at 1055-56. The Fifth Circuit has repeatedly held that submission of a sworn proof of loss is a "strict" requirement. See, e.g., id.; Richardson, 279 F. App'x at 298. Indeed, the Fifth Circuit has consistently observed that no other facts are material to a defendant's motion for summary judgment based on the plaintiff's failure to comply with the conditions precedent to filing suit, and, accordingly, no benefits are payable under the plaintiff's SFIP. See, e.g., Wientjes v. Am. Bankers Ins. Co., 339 F. App'x 483, 485 (5th Cir. 2009); Richardson, 279 F. App'x at 298; Forman, 138 F.3d at 545. The record plainly reveals that plaintiff failed to timely submit a complete, sworn proof of loss in support of his claim for supplemental damages. Accordingly, plaintiff's claims are barred as a matter of law.

Plaintiff seeks to avoid dismissal by insisting that summary judgment is premature and that he should first be allowed to participate in discovery. See Fed. R. Civ. P. 56(d). Rule 56(d) continuances are not granted unless the nonmoving party shows how the additional discovery will defeat the summary judgment motion. Plaintiff has failed to show how additional discovery will create a genuine dispute as to a material fact: summary relief is

appropriate where, as here, the law clearly bars recovery when an insured fails to submit a timely proof of loss.  No further discovery will change the fact that plaintiff failed to submit a complete, sworn proof of loss in support of his supplemental claim.

Accordingly, defendant's motion to dismiss or, alternatively, for summary judgment is GRANTED.

New Orleans, Louisiana, February 7, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE